IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>          v.<br><br>SANDRA QUIÑONES-JUARBE,<br><br>Defendant. | CRIMINAL NO. 08-355 (ADC) |

**REPORT AND RECOMMENDATION**

Defendant Sandra Quiñones-Juarbe was charged in a one (1) count Information and has agreed to plead guilty to the only count. Count One charges that "from in or about 2005, the exact date unknown through on or about November 2007, in San Juan, District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant herein, having knowledge of the actual commission of a felony cognizable by a court of the United States, as specified below, did conceal and not as soon as possible make known the same to some judge or other person in the civil or military of the United States. All in violation of Title 18, United States Code, Section 4"

Defendant appeared before this Magistrate Judge on October 28, 2008, since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Information, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One of the Information, she was examined and verified as being correct that: she had consulted with her counsel, Octavio M. Rivera-Bujosa, Esq., prior to the hearing to enter a plea of guilty, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, her constitutional rights, and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Rivera-Bujosa, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The penalty for the offense charged in Count One of the Information is a maximum term of three (3) years imprisonment. The Court must also impose a mandatory penalty assessment of one hundred ($100.00) dollars per Count, a term of supervised release of not more than one (1) year, and up to two hundred and fifty thousand ($250,000.00) dollars in fines.

United States v. Sandra Quiñones-Juarbe
Criminal No. 08-355 (ADC)
Report and Recommendation
Page No. 4

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) & (B) FRCP)" (the Agreement) and "Plea Agreement Supplement" were shown to defendant, verifying her signature and initials on each and every page.

The above-captioned parties' estimate and agreement appear on pages three (3) and four (4), paragraph eight (8) of the Agreement, regarding the sentencing guideline calculations were further elaborated and explained. The parties agree on the following sentencing guideline calculations and sentencing recommendation. The Base Offense Level shall be twenty-six (26), pursuant to U.S.S.G. §2D1.1(c)(4). A decrease of nine (9) levels is agreed for misprison of felony. Pursuant to U.S.S.G. § 3E1.1(a), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Fourteen (14), yielding an imprisonment range of fifteen (15) to twenty-one (21) months, assuming a Criminal History Category of I.

The parties make no stipulation as to defendant's Criminal History Category. The parties agree to recommend a term of imprisonment for eighteen (18) months.

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement.

United States v. Sandra Quiñones-Juarbe
Criminal No. 08-355 (ADC)
Report and Recommendation
Page No. 5

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled "Government's Version of the Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was specifically informed that any sentencing calculations she could have discussed with her counsel were not binding for the sentencing court, but were only estimates of possible terms of her sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence. The government, defendant, and her counsel also expressed they are aware the Sentencing Guidelines are no longer mandatory and are thus, considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offense charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the

United States v. Sandra Quiñones-Juarbe
Criminal No. 08-355 (ADC)
Report and Recommendation
Page No. 6

commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between them.  Defendant was able to understand the explanation and agreed with the government's submission.

Having once more ascertained that defendant indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.  Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Pursuant to paragraph twelve (12) of the Agreement, the United States will move for the court to dismiss all counts against defendant contained in Indictment 07-488 (ADC).

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes paragraph nineteen (19) for a waiver of appeal.  Defendant acknowledged understanding the waiver of appeal and discussing the same with her counsel prior to the hearing.

Defendant was read in open court and shown the Information, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One of the Information was what she had done and to which she was pleading guilty during these proceedings. Thereupon, defendant indicated she was pleading guilty to Count One of the Information in Criminal No. 08-355 (ADC).

This Magistrate Judge after having explained to defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 08-355 (ADC).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 29th day of October of 2008.

                          s/ CAMILLE L. VELEZ-RIVE
                          CAMILLE L. VELEZ-RIVE
                          UNITED STATES MAGISTRATE JUDGE